UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:16-cr-00461-T-36SPF

SON HOANG
_____/

**ORDER**

This matter comes before the Court on the Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 114), filed on August 24, 2020. In the motion, Defendant requests compassionate release due to COVID-19 concerns. The Government filed a response in opposition on August 26, 2020. Doc. 115. In the motion, Defendant contends that the COVID-19 pandemic has jeopardized his health and deprived him of procedural due process. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's Motion for Compassionate Release.

**I.  BACKGROUND**

On September 28, 2018, Defendant, Son Hoang, pleaded guilty to one count of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Docs. 54, 63. Defendant was sentenced on January 17, 2019, to twenty-seven months' imprisonment to be followed by two years of supervised release. Doc. 93.

Defendant was sent to FCI Lompoc, in Lompoc, California. Doc. 114 at 3. After Defendant served over twelve months in that facility, he was released from

custody to serve the rest of his time in a federal halfway house as part of the Residential Drug Abuse Program ("RDAP"). *Id.* at 4. Defendant was sent to the Residential Reentry Center on February 3, 2020. *Id.* On March 13, 2020, Defendant was arrested for a conduct violation. *Id.* He was then sent back into federal custody. *Id.* Defendant, who is 33 years of age, is currently incarcerated at Sacramento RRM in Sacramento, California. He is scheduled to be released from prison on January 5, 2021. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/.

On August 24, 2020, Defendant filed the instant Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting modification of his sentence due to the COVID-19 pandemic. Defendant alleges he was denied procedural due process in contesting disciplinary action pertaining to his conduct violation at the halfway house, because of "institutional disruption" created by the COVID-19 pandemic. Doc. 114 at 2. He contends that he was not afforded any rights or protections, and finds it "highly unlikely that [he] will ever be afforded his constitutional right to contest the discipline that has been imposed." *Id.* at 7. The Government responds saying that such allegations "have no bearing on the relief he seeks." Doc. 115 at 1. The Government argues the motion should be denied because Defendant fails to provide an extraordinary and compelling reason to permit his early release from prison. *Id.*

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a

3

>> determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328,

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

4

337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.  DISCUSSION

#### A.  The Government does not Contest that Defendant has Satisfied the Administrative Exhaustion Requirement.

On June 11, 2020, while Defendant was "placed in the Santa Rita jail awaiting transfer back to the Federal BOP," counsel for Defendant mailed an Application for Compassionate Release to the Residential Reentry Manager ("RRM") for the BOP office in Sacramento, California. Doc. 114 at 14. The RRM acknowledged receipt of the application on July 9, 2020. At the time Defendant filed the instant Motion for Compassionate Release, no response had been received from the BOP. It appears that Defendant has likely satisfied administrative exhaustion, and the Government does not argue to the contrary in its response. Therefore, the Court will turn to the merits of Defendant's motion.

#### B.  Defendant Fails to Satisfy his Burden of Establishing an Extraordinary and Compelling Reason for Compassionate Release.

In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's

advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. §1B1.13, cmt. n. 1(A)–(D). Only the fourth factor is potentially relevant here, as Defendant is only 33 years of age and does not allege any medical conditions or extraordinary family circumstances.

The fourth factor, which has been described as a catch-all provision, applies when, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in the subdivisions (A) through (C)." U.S.S.G. §1B1.13, cmt. n. 1(D). On the facts before the Court, Defendant fails to demonstrate an extraordinary and compelling reason to warrant release under this provision.

General concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. §1B1.13, cmt. n. 1. *See United States v. Luster*, 2020 U.S. App. LEXIS 34965, at *3 (11th Cir. Nov. 04, 2020) (finding that "generalized allegations concerning COVID-19 did not warrant release" given defendant's lack of evidence concerning the severity of his conditions); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence."). Defendant's general concerns of COVID-19

are insufficient to support a reduction in his sentence. Therefore, Defendant fails to establish extraordinary and compelling reasons for release. Further, Defendant fails to provide the Court with any authority to demonstrate his due process challenges would constitute extraordinary and compelling reasons or that such claims are remediable under 18 U.S.C. § 3582(c)(1)(A).

**C.     Section 3553 Factors do not Support Early Release.**

Even if Defendant was able to establish an extraordinary and compelling reason, however, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community. *See* USSG § 1B1.13(2). Here, Defendant was afforded the opportunity to rejoin society, and was subsequently arrested for a conduct violation which brought him back into federal custody. As such, Defendant has not shown that he will not recidivate or that consideration of the 3553 factors weigh in favor of a reduction in his sentence. Accordingly, it is hereby

**ORDERED**:

1.     Defendant's Motion For Compassionate Release (Doc. 114) is **DENIED without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on December 3, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

7